**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| INNOVATIO IP VENTURES, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 11-cv-644 |
| MADISON MARRIOTT WEST;<br>FAIRFIELD INN & SUITES BELOIT;<br>FAIRFIELD INN HUDSON;<br>COURTYARD LA CROSSE<br>DOWNTOWN/MISSISSIPPI RIVERFRONT;<br>COURTYARD MADISON EAST;<br>RESIDENCE INN MADISON EAST;<br>FAIRFIELD INN & SUITES MADISON EAST;<br>COURTYARD MADISON<br>WEST/MIDDLETON;<br>RESIDENCE INN MADISON<br>WEST/MIDDLETON;<br>FAIRFIELD INN & SUITES MADISON<br>WEST/MIDDLETON;<br>FAIRFIELD INN & SUITES STEVENS POINT;<br>COURTYARD WAUSAU; and<br>FAIRFIELD INN & SUITES WAUSAU, | **COMPLAINT**<br>(Jury Trial Demand) |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

For its Original Complaint for Patent Infringement, Plaintiff Innovatio IP Ventures, LLC

("Innovatio"), by and through its undersigned counsel, alleges against the Marriott Defendants –

as particularly identified below – as follows:

## THE PARTIES

1.      Plaintiff Innovatio is a limited liability company organized under the laws of the

State of Delaware and has a place of business at 22 West Washington Street, Suite 1500,

Chicago, Illinois 60602.

2.      On information and belief, Defendant Madison Marriott West owns and operates a hotel at 1313 John Q Hammons Drive, Middleton, Wisconsin 53562.

3.      On information and belief, Defendant Fairfield Inn & Suites Beloit owns and operates a hotel at 2784 Milwaukee Road, Beloit, Wisconsin 53511.

4.      On information and belief, Defendant Fairfield Inn Hudson owns and operates a hotel at 2400 Center Drive, Hudson, Wisconsin 54016.

5.      On information and belief, Defendant Courtyard La Crosse Downtown/Mississippi Riverfront owns and operates a hotel at 500 Front Street South, La Crosse, Wisconsin 54601.

6.      On information and belief, Defendant Courtyard Madison East owns and operates a hotel at 2502 Crossroads Drive, Madison, Wisconsin 53718.

7.      On information and belief, Defendant Residence Inn Madison East owns and operates a hotel at 4862 Hayes Road, Madison, Wisconsin 53704.

8.      On information and belief, Defendant Fairfield Inn & Suites Madison East owns and operates a hotel at 2702 Crossroads Drive, Madison, Wisconsin 53718.

9.      On information and belief, Defendant Courtyard Madison West/Middleton owns and operates a hotel at 2266 Deming Way, Middleton, Wisconsin 53562.

10.     On information and belief, Defendant Residence Inn Madison West/Middleton owns and operates a hotel at 8400 Market Street, Middleton, Wisconsin 53562.

11.     On information and belief, Defendant Fairfield Inn & Suites Madison West/Middleton owns and operates a hotel at 8212 Greenway Boulevard, Middleton, WI 53562.

12.     On information and belief, Defendant Fairfield Inn & Suites Stevens Point owns and operates a hotel at 5317 U.S. Highway 10 East, Stevens Point, Wisconsin 54482.

13.    On information and belief, Defendant Courtyard Wausau owns and operates a hotel at 1000 South 22nd Avenue, Wausau, Wisconsin 54401.

14.    On information and belief, Defendant Fairfield Inn & Suites Wausau owns and operates a hotel at 600 Oasis Road, Black River Falls, Wisconsin 54615.

15.    The defendants identified in paragraphs 2-14 above are hereinafter referred to collectively as "the Marriott Defendants."

## JURISDICTION AND VENUE

16.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

17.    This Court has personal jurisdiction over each of the Marriott Defendants.

18.    Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

19.    On March 30, 2004, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '559 Patent is attached as Exhibit A.

20.    On June 10, 2008, the USPTO duly and legally issued U.S. Patent No. 7,386,002 ("the '002 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '002 Patent is attached as Exhibit B.

21.    On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,535,921 ("the '921 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '921 Patent is attached as Exhibit C.

22.    On June 16, 2009, the USPTO duly and legally issued U.S. Patent No. 7,548,553 ("the '553 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '553 Patent is attached as Exhibit D.

23.    On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit E.

24.    On August 17, 1999, the USPTO duly and legally issued U.S. Patent No. 5,940,771 ("the '771 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '771 Patent is attached as Exhibit F.

25.    On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit G.

26.    On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit H.

27.    On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability

Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit I.

28.     On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit J.

29.     On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit K.

30.     On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit L.

31.     On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit M.

32.     On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '907 Patent is attached as Exhibit N.

33.     On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit O.

34.     On January 18, 2011, the USPTO duly and legally issued U.S. Patent No. 7,873,343 ("the '343 Patent") titled "Communication Network Terminal With Sleep Capability." A copy of the '343 Patent is attached as Exhibit P.

35.     On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,536,167 ("the '167 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '167 Patent is attached as Exhibit Q.

36.     The seventeen patents identified in paragraphs 19-35 are hereinafter referred to collectively as the "WLAN Patents."

37.     Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the WLAN Patents, including the right to sue for and collect past damages.

## COUNT ONE
## INFRINGEMENT OF THE '559 PATENT

38.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

39.     Each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '559 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, wireless local area network products ("WLAN Products") to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 6, 7, and 8 of the '559 Patent.

## COUNT TWO
## INFRINGEMENT OF THE '002 PATENT

40.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

41.     Each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '002 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees,

and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-16, 18, and 19 of the '002 Patent.

## COUNT THREE
## INFRINGEMENT OF THE '921 PATENT

42.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

43.     Each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '921 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 1, 2, 5, 7, and 8 of the '921 Patent.

## COUNT FOUR
## INFRINGEMENT OF THE '553 PATENT

44.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

45.     Each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '553 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 10-12, 17, 19, and 20 of the '553 Patent.

## COUNT FIVE
## INFRINGEMENT OF THE '366 PATENT

46.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

47.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '366 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent.

## COUNT SIX
## INFRINGEMENT OF THE '771 PATENT

48.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

49.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '771 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-7 of the '771 Patent.

## COUNT SEVEN
## INFRINGEMENT OF THE '311 PATENT

50.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

51.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '311 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent.

**COUNT EIGHT**
**INFRINGEMENT OF THE '646 PATENT**

52.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

53.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '646 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-17, 19-22, 26-35, 39-40, 43-45, 47, 49-51, 53-56, 59-64, 66-69, 71-73, 79, 82-89, 91-94, 98-104, 107, 108, 111, 112, 114-123, 125-128, 130, 135-137, 143, and 144 of the '646 Patent.

**COUNT NINE**
**INFRINGEMENT OF THE '397 PATENT**

54.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

9

55.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '397 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-5 of the '397 Patent.

**COUNT TEN**
**INFRINGEMENT OF THE '893 PATENT**

56.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

57.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '893 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 7-11 of the '893 Patent.

**COUNT ELEVEN**
**INFRINGEMENT OF THE '536 PATENT**

58.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

59.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '536 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests,

employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-17, 19, 20, and 49 of the '536 Patent.

**COUNT TWELVE**
**INFRINGEMENT OF THE '415 PATENT**

60.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

61.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '415 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 11, 12, and 15 of the '415 Patent.

**COUNT THIRTEEN**
**INFRINGEMENT OF THE '138 PATENT**

62.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

63.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '138 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent.

11

**COUNT FOURTEEN**
**INFRINGEMENT OF THE '907 PATENT**

64.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

65.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '907 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 7, 10, 12, 13, 15-17, 20, 21, 23, 24, 30, 33, 35, 36, 38, 39, 40, 43, 44, and 46-50 of the '907 Patent.

**COUNT FIFTEEN**
**INFRINGEMENT OF THE '747 PATENT**

66.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

67.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '747 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-3, 5-8, 11, 13, 16, 17, and 20-25 of the '747 Patent.

## COUNT SIXTEEN
## INFRINGEMENT OF THE '343 PATENT

68.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

69.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '343 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-6, 8-12, 15-20, 22, 23, 25, 28-30, 31-36, 38-42, 45-50, 52, 53, 55, and 58-60 of the '343 Patent.

## COUNT SEVENTEEN
## INFRINGEMENT OF THE '167 PATENT

70.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 37 as if fully set forth herein.

71.     Innovatio believe that a reasonable opportunity for further investigation or discovery will likely show that each of the Marriott Defendants has infringed and continues to infringe one or more claims of the '167 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 73-77, 79-83, 85, 89-97, 100, 102-107, 109-113, 115, 119-127, 130, 132-134, and 203 of the '167 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief, including:

A.    That each of the Marriott Defendants be adjudged to have infringed one or more claims of each of the WLAN Patents;

B.    That each of the Marriott Defendants and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any WLAN Product, system or network that infringes any WLAN Patent;

C.    That each of the Marriott Defendants account for damages sustained by Innovatio as a result of each of the Marriott Defendants' infringement of the WLAN Patents, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284; and

D.    That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Innovatio demands a trial by jury on all issues so triable.

Dated: September 19, 2011                    Respectfully submitted,

                                             */s/ Matthew G. McAndrews*
                                             Matthew G. McAndrews
                                             Raymond P. Niro, Jr.
                                             Brian E. Haan
                                             Gabriel I. Opatken
                                             NIRO, HALLER & NIRO
                                             181 West Madison St., Suite 4600
                                             Chicago, Illinois 60602

Telephone: (312) 236-0733
Facsimile: (312) 236-3137
E-mail: mmcandrews@nshn.com
E-mail: rnirojr@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com

*Attorneys for Plaintiff,*
INNOVATIO IP VENTURES, LLC